**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KENDRICK C. STORY                                                        PLAINTIFF
ADC #109934

V.                                        NO: 5:12CV00278 SWW/HDY

RAY HOBBS *et al.*                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Kendrick C. Story filed this complaint on July 23, 2012, alleging that Defendants assigned him to work that exceeded his physical limitations, and that they forced him to work around a dangerous inmate who assaulted him. Plaintiff also contends that he was wrongly disciplined following the assault, and suggests the discipline was the result of grievances he has filed. Defendant Judith Savoy filed a motion for summary judgment, a statement of facts, and a brief in support, on December 11, 2012 (docket entries #65-#67). Plaintiff filed a response on December 17, 2012 (docket entry #73), and Savoy filed a reply on December 21, 2012 (docket entry #76). Plaintiff also filed a statement of disputed facts and brief in support (docket entries #80 & #81). Defendants Mark Cashion, Ray Hobbs, Moses Jackson, III, Wendy L. Kelley, Saundra Lockett, Larry May, Emma Waters, and Loretha West ("ADC Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support on December 13, 2012 (docket entries #70-#72). Plaintiff filed responses on December 19, 2012, and December 20, 2012 (docket entries #74 & #75). The ADC Defendants filed a reply to the response on December 21, 2012 (docket entry

#77).  Plaintiff also filed a statement of disputed facts and brief in support in response to the ADC

Defendants' motion (docket entries #79 & #82).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*,

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*.,

477 U.S. 242, 248 (1986)).

## II.  Analysis

Exhaustion issues

Savoy, a health service administrator, asserts that she is entitled to summary judgment

because Plaintiff failed to name her in any grievance he exhausted prior to filing suit.  The ADC

Defendants concede that Plaintiff named Cashion, but contend that Plaintiff's failure to name any

of the other ADC Defendants in a grievance which was properly exhausted before he filed suit

entitles the unnamed individuals to dismissal of his claims against them.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

According to an affidavit from Sherrie Williams (docket entry #65-2), Plaintiff filed only seven grievances from May 1, 2010, through June 23, 2012. Savoy provided copies of all those grievances (docket entry #65-3). Of the seven grievances, Plaintiff exhausted only one, RLW-12-00148, before he filed his lawsuit. In that grievance, Plaintiff complained that he was assigned to field work that exceeded his limitations (docket entry #65-3, page #4). Thus, the only issue that Plaintiff has grieved and properly exhausted is his claim that he was improperly assigned to field work. Because Plaintiff properly exhausted only his claim that he was improperly assigned to field work, any claim he is pursuing relating to the alleged assault by another inmate, or for any alleged retaliation, or for anything other than his field assignment, should be dismissed.

Plaintiff has named a number of individuals as Defendants, but only Cashion is named in the lone grievance Plaintiff exhausted before he filed this lawsuit. In *Jones v. Bock*, 549 U.S. 199, 218 (2007), the United States Supreme Court determined that proper exhaustion of a grievance is determined by the prison's grievance policy. Although the ADC grievance policy requires inmates to be specific as to the personnel involved, the United States Court of Appeals for the Eighth Circuit has recently determined that the failure to name all parties is a procedural deficiency, and prison

officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion as to the issue addressed in the grievance. *See Bower v. Kelley*, No. 12-1678, 2012 WL 6199266 (8th Cir., Dec. 13, 2012) (unpublished per curiam). In an opinion issued after *Bower*, the Eighth Circuit upheld the grant of summary judgment, based on a failure to exhaust, as to two defendants who were not named in a grievance. *See Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curiam). At this point it is unclear whether Plaintiff has achieved proper exhaustion as to Defendants other than Cashion. Indeed, resolution of the issue might require a hearing. Therefore, under the circumstances of this case only, Defendants have not met their burden of demonstrating Plaintiff's failure to exhaust, and the Court should proceed to examine the merits of Plaintiff's claims against all Defendants.

Assignment to field work

There is no dispute that Plaintiff exhausted a claim that he was assigned to field work that exceeded his physical abilities. If Defendants knowingly assigned Plaintiff to such work, it would be a constitutional violation. *See Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007) (knowingly compelling inmate to perform labor that is beyond inmate's strength, dangerous to his life or health, or unduly painful, violates Eighth Amendment). To prove an Eighth Amendment violation in the context of a work assignment, Plaintiff must demonstrate that he was subjected to a serious risk of harm, and that Defendants were deliberately indifferent to that risk. *Id.*

In this case, the undisputed evidence demonstrates that Plaintiff was medically evaluated on March 22, 2012, when he was admitted to the ADC's custody (docket entry #65-5, pages #35-#36). At that time, Jody Lefevers, an advance practice nurse, assigned Plaintiff an M-2 rating, with restrictions prohibiting prolonged crawling, stooping, running, jumping, walking, or standing.

Savoy did not classify Plaintiff medically.  On April 4, 2012, the unit classification committee assigned Plaintiff to field utility duty (docket entry #70-10).  The classification committee was made up of ADC personnel, and Savoy did not participate.  Regardless, nothing in Plaintiff's assigned job's requirements was inconsistent with his medical restrictions (docket entry #70-7).  Additionally, after his job assignment, Plaintiff's limitations were confirmed by Shirley Barnes, M.D., after a physical examination on June 19, 2012; and by Mohammed Hadi, M.D., after a September 14, 2012, physical examination (docket entry #65-5, pages #23 & #34).  Moreover, Joseph Hughes, M.D., reviewed Plaintiff's medical records and concluded that his medical classification and restrictions were appropriate.  To the extent that Plaintiff asserts that he has a psychological impairment, or that he is taking a psychiatric medication which prevents field work, the Court notes that Dr. Shawn Richard, the unit psychiatric director, concluded that Plaintiff had no psychiatric reason that would prevent him from performing physical labor (docket entry #65-6).  Plaintiff offers no medical evidence supporting his claim of physical or mental inability to perform the tasks assigned and his bare assertions in that regard are insufficient to support a claim for relief.  Given the uncontradicted opinions provided by the physicians, which universally support the medical rating initially assigned by advanced practice nurse Lafevers, no Defendant was deliberately indifferent to any risk Plaintiff faced due to his job assignment.  Accordingly, Defendants' motions for summary judgment should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motions for summary judgment (docket entries #65 & #70) be GRANTED, and Plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITH PREJUDICE as to his claims regarding his assignment to field work.

3.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

DATED this __5__ day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE